**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DONALD RAHM, VINCENT DALY, PHILIP
PACIFICO, JOSEPH P. GROSS, LAWRENCE
SPARAGEN AND DONALD HART, as Trustees
of the IBEW, Local 236 Pension Fund, Health and
Benefit Fund, Annuity Fund, and IBEW Local 236,

                                    Plaintiffs

                 - v -                                      Civil No. 1:05-CV-460
                                                                   (NAM/RFT)

NEAR-RYCHCIK ELECTRIC,
KURT RYCHCIK, MITCHELL NEAR and
DAVID NEAR,

                                    Defendants.


**APPEARANCES:**                                   **OF COUNSEL:**

THOMAS J. JORDAN, LLC                              THOMAS J. JORDAN, ESQ.
Pine West Plaza, Building 4, Suite 409
Washington Avenue Ext.
Albany, NY 12205

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

**MEMORANDUM DECISION and ORDER**

        Thomas J. Jordan, Esq., counsel for Defendants, seeks to withdraw as the attorney for

Defendants for, amongst other reasons, non-payment of legal services, failure of Defendants to

comply with the request of their attorney in order to defend their lawsuit, irreconcilable differences

between the attorney and his clients, and for other and further relief as the Court may deem just and

proper.  Thomas J. Jordan, Esq. Aff., dated October 5, 2005.[1]

---

[1] *See* N.D.N.Y.L.R. 83.2.

## I. BACKGROUND

Attorney Jordan was retained approximately two years ago by Defendants.  Jordan Aff. at ¶ 4.  At the commencement of the representation, Defendants signed a retainer agreement which governs, among other things, the responsibilities of the signed parties as well as the rules surrounding billing and payment.  *Id.* at  ¶¶ 4 & 5.

Specifically, the retainer agreement particularizes that bills would be sent to the client every thirty (30) days reflecting all the work performed during the same period.  *Id.* at ¶ 6.   Also, payment was due at the time of the receipt of the bill, with interest for non-payment to be calculated at the discretion of Jordan if the bill is not paid within thirty days.  *Id.* at ¶ 6.

Defendants have not paid their bill since May 31, 2005, and it was revealed to Jordan on this date that they were having financial difficulties.  *Id.* at ¶ 7.   Jordan presented the Court with the bills which were submitted to Defendants in May, July, and August of 2005, describing the past due amounts and how they were calculated.

On September 8, 2005, Jordan sent a Final Notice Letter to David Near, one of the partners in Near-Rychick Electric, Inc.  *Id.*  That letter discussed the need to pay the outstanding bill, notwithstanding Jordan's "understanding the Defendants financial predicament."  *See* Final Notice Letter.  Jordan also alerted Near that failure to pay would result in his application to withdraw from the representation.  *Id*.

Jordan asserts that he no longer has any hope of payment for his services, past or future, because his clients were, at the time of his affidavit, planning to file for bankruptcy. [2]  Again, in

---

[2] Defendants Rychcik and Near have filed for bankruptcy as of 11/9/05. *See* Bankruptcy Notice, dated November 9, 2005.  As of the date of this Memorandum Decision and Order, it appears that Defendant Near Rychcik Electric may not have filed for bankruptcy.

light of these circumstances, Jordan seeks this Court's permission to withdraw from representing this client.

## II. DISCUSSION

Granting a motion for an attorney to withdraw from his professional responsibilities to his client is not solely within the attorney's province but rather within the trial court's discretion. *Am. Generics, Inc. v. Komal Mohan & Assocs.*, 1998 WL 315082, at *2 (N.D.N.Y. June 8, 1998). The Local Rules of the Northern District of New York state that "[a]n attorney who has appeared [in an action] may withdraw only upon notice to the client and all parties to the case and an order of the Court, upon a finding of good cause, granting leave to withdraw." N.D.N.Y.L.R. 83.2(a); *see also Brown v. Nat'l Survival Games, Inc.*, 1994 WL 660533, at *2 (N.D.N.Y. Nov. 18, 1994). Because the trial court is closest to the litigators and the litigants and may acquire a bird's eye view of the ensuing circumstances, considerable deference is given to it in deciding to grant or deny any application for the withdrawal of an attorney. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999).

Though a number of factors must be considered by the court, such as whether the withdrawal of counsel may disrupt the litigation, such a motion can be granted when good cause can be shown that the client renders it unreasonably difficult for an attorney to effectively or in a reasonable manner represent his client. *Brenner Assocs., Inc. v. Starmaker Entm't, Inc.*, 82 F.3d 55, 57 (2d Cir. 1996); *Brown v. Nat'l Survival Games*, 1994 WL 660533, at *2 (survey of cases on withdrawal of attorneys); *see also Generics v. Mohan Assocs.*, 1998 WL 315082, at *2 (N.D.N.Y. June 8, 1998) (failed to represent in a reasonable way).

Furthermore, all lawyers in New York State are required to follow the rules set forth by the New York State Bar Association that govern attorney conduct or face disciplinary proceedings,

*-3-*

including disbarment.  While it is true that the rules "cannot, by itself, serve[s] as a basis for granting

a motion to withdraw as counsel, the Model Code[3] provides guidance for a court as to what

constitutes 'good cause' to grant leave to withdraw as counsel."  *Brown v. Nat'l Survival Games*,

1994 WL 660533, at *7.  Disciplinary Rule 2-110(c) discusses the possible scenarios under which

an attorney may withdraw from representation.  N.Y. COMP. CODES R. & REGS. tit. 22, §1200.15(c).

Disciplinary Rule 2-110(c)(1)(d) explains that it is permissive for a lawyer to withdraw from a

particular representation if the client "[b]y other conduct renders it unreasonably difficult for the

lawyer to carry out his employment effectively."  N.Y. COMP. CODES R. & REGS. tit. 22,

§1200.15(c)(1)(iv).  Disciplinary Rule 2-110(c)(1)(f) also allows the lawyer to withdraw if the client

"[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees."  N.Y.

COMP. CODES R. & REGS. tit. 22, §1200.15(c)(1)(vi).

Defendants, through their inaction, have made it unreasonably difficult for Jordan to carry

out his employment effectively.  Failure to respond to or heed Counsel's advice has contributed to

an irreconcilable difference between them.  This alone would be enough to allow for the Court to

grant Jordan's Motion to Withdraw.  However, Defendants have refused to fulfill their obligations

by failing to submit payment for services rendered, pursuant to the retainer agreement. This fact

would also be enough for withdrawal to be granted.  Cumulatively, Defendants conduct or lack

thereof leads to one inescapable conclusion.  Since Defendants deliberately disregarded their

---

[3] At the time of the *Brown* decision, the N.D.N.Y.L.R., R. 83.4(j), mandated that attorney's follow the ABA Model Code. As of November, 2005 however, the local rules mandate adherence to the New York State Lawyer's Code of Professional Responsibility.

contract with Jordan, have refused to pay him, and through their actions have made it unreasonably

difficult for Jordan to carry out his representation of them, this Court hereby grants Jordan's Motion

to Withdraw.

### III.  CONCLUSION

For the reasons stated therein, it is hereby

**ORDERED**, that the Motion to Withdraw as counsel be **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum Decision and

Order upon the parties to this action.

Date:   November 23, 2005
           Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

-5-